UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TORMU E. PRALL,                       :
                                      :  Civil Action No. 11-7004 (JBS)
               Plaintiff,             :
                                      :
                                      :
               v.                     :  **ORDER**
                                      :
SUPREME COURT, et al.,                :
                                      :
               Defendants.            :


For the reasons expressed in the Court's Opinion filed herewith,

It is on this __**4th**__ day of __**April**__, **2013**,

ORDERED that, pursuant to 28 U.S.C. § 1915(a) and (b), the application by plaintiff, Tormu E. Prall, to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General of the State of New Jersey and on the Warden at the New Jersey State Prison in Trenton, New Jersey, where plaintiff was confined at the time he filed this Complaint; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below,

regardless of the outcome of the litigation, in the event plaintiff is still confined and has not been released from prison; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff, to the extent that plaintiff is still confined, shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that Plaintiff's claims of excessive force and failure to protect in violation of the Eighth Amendment shall **PROCEED** at this time against defendants, John Does 1-4 (New Jersey Department of Corrections Special Operations Group officers); and it is further

ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE as against defendants, Mercer County Sheriff's Officers, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that Plaintiff's Eighth Amendment claim of continuing physical abuse and torture, as asserted against New Jersey Department of Corrections defendants, John Moes 1-99, Commissioner Gary M. Lanigan and Administrator Charles Warren, are DISMISSED as duplicative of Plaintiff's ongoing claims in his

pending action, <u>Prall v. Bocchini, et al.</u>, Civil No. 10-1228 (JBS), which claim should more properly be raised in the earlier action, Civil No. 10-1228 (JBS) as a supplemental pleading upon seeking leave of Court to do so in that action; and it is further

ORDERED that the Complaint is DISMISSED WITH PREJUDICE, in its entirety, as against the remaining defendants, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2); and it is further

ORDERED that Plaintiff's addendum to his Complaint (Docket entry no. 4) is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon defendants John Does 1-4 (New Jersey Department of Corrections Special Operations Group officers), pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that defendants, John Does 1-4 (New Jersey Department of Corrections Special Operations Group officers), shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify

plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 454 (3d Cir. 1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

4