UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TORMU E. PRALL,                     :
                                    :
       Plaintiff,              :  Civ. No. 11-7004 (NLH-JS)
                                    :
  v.                                :  OPINION
                                    :
SUPREME COURT, et al.,              :
                                    :
       Defendants.             :
_____ :

APPEARANCE:

Tormu E. Prall, No. 700294B-650734
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Plaintiff Pro se

HILLMAN, District Judge

This matter comes before the Court upon Plaintiff's unopposed Motion for Reconsideration of the Opinion and Order granting Defendants' summary judgment motion. See ECF No. 74. The Motion will be denied.

BACKGROUND

On December 1, 2011, Plaintiff filed a complaint against numerous state officials based on his "conscientious object[ion] to New Jersey['s] criminal injustice system." ECF No. 1 ¶ 26. He alleges that he was transported to state court proceedings in Mercer County Superior Court on April 19, 2011 by Defendants Judson, Witzel, Delvalle, and Santiago. See Amended Complaint, ECF No. 26 ¶ 10. He states that he was restrained by steel leg

shackles, steel hand shackles, a belly chain, "and a black box through which the belly chain and hand shackles were bound." Id.

Plaintiff appeared before the Honorable Edward M. Neafsey, J.S.C. Id. ¶ 11. At some point, Judge Neafsey ordered Plaintiff to be removed from the courtroom. Id. ¶ 12. Plaintiff alleged that "[d]efendants Judson, Witzel, Delvalle, and Santiago pulled Prall out of his chair, kicked his shoes off, stepped on his leg restraints and made him walk so fast that it caused him to fall to the ground, hit, slammed and pressed his head into the courthouse walls . . . ." Id. Plaintiff further alleges he was made to walk in the rain with bare feet and that his face was scraped along the fence in the court parking lot. Id. Plaintiff states that the shackles cut off circulation in his hands, arms, and legs. Id. ¶ 13. He reported the use of force to the New Jersey Department of Corrections and was informed an investigation would occur. Id.; see also ECF No. 1-2. Plaintiff alleged no investigation ever took place. ECF No. 26 ¶ 13.

Defendants moved for summary judgment and asserted that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). See 42 U.S.C. § 1997e(a). On December 20, 2018, the Honorable Jerome B. Simandle, D.N.J., to whom this case was formerly

2

assigned, found that Plaintiff had failed to exhaust his administrative remedies before filing his federal lawsuit and, in the alternative, that Defendants were entitled to judgment as a matter of law on Plaintiff's excessive force claim.[1]  ECF No. 73.

Plaintiff filed this Motion for Reconsideration on December 27, 2018.  ECF No. 74.  Defendants have not opposed the motion.

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Local Rule 7.1 provides that motions to reconsider shall be filed within fourteen (14) days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute.[2]  See D.N.J. Loc. R. 7.1.

---

[1] The matter was reassigned to the undersigned on August 7, 2019. ECF No. 75.

[2] Petitioner does not specify under which Rule of Civil Procedure he seeks reconsideration.  His Motion, however, is dated December 27, 2018.  See ECF No. 74 at 3.  His Motion is thus

3

DISCUSSION

In his Motion for Reconsideration, Plaintiff first argues that the Court ignored his November 8, 2018 submission in determining whether he had exhausted his available administrative. ECF No. 74 at ¶ 1. See also ECF No. 71-2 at 3. He asserts that his inquiry to the grievance coordinator seeking clarification as to how to file a grievance against the transportation officers shows that the Department of Corrections required him to go to the Ombudsman's Office, not New Jersey State Prison as claimed by defendants.

Judge Simandle explicitly referenced taking "Plaintiff's supplemental materials [consisting of] his November 26, 2018 Declaration, [Docket Entry 65], and November 3, 2018 inquiry, [Docket Entry 71-2]" into consideration for the exhaustion question. ECF No. 72 at 10-11 (first alteration added). The court did not "ignore" the submission merely because Plaintiff disagrees with the outcome. Likewise, Plaintiff's argument that "slamming, bumping and pressing [his] head roughly into the courthouse walls" was sufficient proof of excessive force is simply disagreement with the Court's decision. Disagreement is

---

timely under Local Rule 7.1 absent reference to the application of another rule or statute.

not an appropriate basis for reconsideration.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

<u>CONCLUSION</u>

For the reasons set forth above, the Motion for Reconsideration is denied. An appropriate Order follows.


Dated:  August 26, 2019           s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.